IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-21063
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUKE CHRISTOPHER YANEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CR-221-1
- - - - - - - - - -
October 21, 1998

Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Luke Christopher Yanez appeals from his sentence following conviction for two counts of aiding and abetting to commit mail fraud, three counts of mail fraud in connection with a telemarketing operation, and two counts of wire fraud in connection with a telemarketing operation. Yanez first argues that the district court clearly erred in applying a two-level vulnerable-victim adjustment pursuant to U.S.S.G. § 3A1.1(b). A finding of unusual vulnerability is reviewed for clear error, "to determine whether the district court's conclusion was plausible

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in light of the record as a whole." United States v. Robinson, 119 F.3d 1205, 1218 (5th Cir. 1997)(internal quotation and citation omitted), cert. denied, 118 S. Ct. 1104 (1998).  Yanez admitted that he had purchased the names and telephone numbers of his victims as a list of individuals who were believed to have previously participated in other telemarketing schemes.  There was evidence that this list also included personal notes affirming the victims' susceptibility to fraudulent schemes.  The district court did not commit clear error by increasing Yanez's sentence pursuant to § 3A1.1(b).

Yanez also contends that the district court erred in upwardly departing from the Sentencing Guidelines when determining his sentence.  This court generally reviews a district court's decision to depart from the Sentencing Guidelines for abuse of discretion.  See United States v. Ravitch, 128 F.3d 865, 869 (5th Cir. 1997).  However, because Yanez failed to object to this upward departure in the district court, consideration of this issue is limited to plain error review.  See id.  The district court based the six-level upward departure equally on three factors: (1) the large number of victims (over 1,000 individuals); (2) the fact that many of the victims were elderly; and (3) Yanez's avoidance of money-laundering charges by virtue of his plea agreement.  There was no error, plain or otherwise.

Accordingly, the sentence imposed by the district court is AFFIRMED.